No. 28,665.

EDWARD E. WASHBURN, by His Mother and Next Friend, MABLE E. BIDDLE, *Appellee*, v. T. F. MARTIN, *Appellant*.

(278 Pac. 712.)

Opinion filed July 6, 1929.

*James A. Conly*, of Wichita, for the appellant.

*Chester I. Long, J. D. Houston, Claude I. Depew, James G. Norton* and *W. E. Stanley*, all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages sustained by plaintiff in a collision between his motor cycle and defendant's automobile under circumstances which raised an issue of negligence on the part of defendant and one of plaintiff's contributory negligence.

The jury resolved both issues against the defendant, and he appeals, contending that the evidence was insufficient to support the judgment. What the evidence did show was that Fern street in Wichita runs north and south and is crossed at right angles by Maple street, which runs east and west. As plaintiff came from the north on Fern street towards its intersection with Maple street, and turned into Maple street and headed west, he was overtaken by defendant's automobile, which came from the east on Maple street. The two machines came together, upsetting the plaintiff, breaking his leg and causing other injuries. The testimony for plaintiff tended to show that his motor cycle rounded the corner from Fern street into Maple street slowly, at six or eight miles an hour, and that defendant— according to his own estimate of his speed—was driving his automobile at eighteen or nineteen miles an hour when the two machines came together. A witness who saw the accident testified:

"The car was about 25 feet back when the motor cycle was going around the corner, and hadn't straightened up yet [when] the car came and hit the motor cycle."

The defendant himself testified:

"At the time of the accident I was driving west on Maple street; . . . as I came to Fern street, I think I had passed the middle of the center section, something struck me. At the time I did not know what it was. I did not know whether I had struck something or it had struck me. . . . The first I knew of the accident was when I felt the contact."

The plaintiff testified:

"Something hit me after I had been around the corner a little ways, and the next thing I knew I was being dragged. My head was against the right front wheel, and kept bumping up and down, and my body was at an angle dragged underneath there. . . . When the automobile stopped I was under the front end of the car. My head was still right next to the wheel. The motor cycle was under the back wheels. . . . I saw Mr. Martin after the collision. I was pulling myself out from underneath the car and he came around and says: 'Hello, Buddy; where did you come from?' "

Such testimony, with the inferences which were fairly deducible therefrom, was sufficient to take the case to the jury on the question of the actionable negligence alleged by plaintiff. This court has not overlooked those features of the evidence which tended, in part, to support the defense of contributory negligence, but that matter was exclusively and conclusively for the jury's determination. The record presents nothing which would permit the verdict and judgment to be disturbed.

. The judgment is affirmed.